1

2

3

4                          UNITED STATES DISTRICT COURT

5                               DISTRICT OF NEVADA

                                        * * *
6                                          )
   DENNIS TALLMAN, et al.,                 )
7                                          )
               Plaintiffs,                 )
8                                          )          2:09-CV-00944-PMP-PAL
   v.                                      )
9                                          )
   CPS SECURITY (USA), INC. and CPS        )
10 CONSTRUCTION SECURITY PLUS,             )          ORDER
   INC.,                                   )
11                                         )
               Defendants.                 )
12 _____    )

13          Before the Court is Defendants' Motion in Limine to Admit the Final Fact

14 Findings of Assistant District Director of the U.S. Department of Labor Charles Striegel

15 (Doc. #124), filed on April 9, 2012.  Plaintiffs filed an Opposition (Doc. #131) on April 23,

16 2012.  The Court held a hearing on this Motion on October 15, 2012.  (Mins of Proceedings

17 (Doc. #174).)  The Court held another hearing on the Motion on December 6, 2012.  (Mins.

18 of Proceedings (Doc. #195).)  Defendants thereafter filed a Supplement (Doc. #197), and

19 Plaintiffs filed a Motion to Strike the Supplement (Doc. #198).

20          Defendants move to admit a letter from the Assistant District Director of the U.S.

21 Department of Labor, Charles Striegel (the "Striegel letter").  Defendants argue the Striegel

22 letter is admissible under Federal Rule of Evidence 803(8) and is relevant to their safe

23 harbor defense and willfulness, which in turn is relevant to the statute of limitations and

24 liquidated damages.  Plaintiffs oppose, arguing a letter obtained in 1997 regarding

25 Defendants' different practices related to trailer guards in California is not relevant to

26 Defendants' more recent, different policies related to Nevada trailer guards.  Plaintiffs

1   further argue that even if relevant, the letter would confuse the jury regarding whether the

2   letter approved Defendants' policies with respect to Nevada trailer guards, when it did not.

3             Under Federal Rule of Evidence 401, the Striegel letter is relevant to two topics.

4   First, as Defendants argued in their motion, it is relevant to willfulness.  Second, as

5   Defendants argued at the December 6 hearing in this matter, it is relevant to Defendants'

6   safe harbor defense under 29 U.S.C. § 259(a).  The Striegel letter's probative value is not

7   substantially outweighed by the danger of unfair prejudice.  See Fed. R. Ev. 403.  Because

8   the arguments Plaintiffs raise with respect to the Striegel letter can be explored through

9   cross examination and argued to the jury, the parties' dispute over whether the Striegel

10  letter offers an opinion on policies which differ from the policies applied to the Nevada

11  trailer guards will be resolved by the jury.

12            Defendants seek to admit the Striegel letter under the hearsay exception in

13  Federal Rule of Evidence 803(8).  Rule 803(8) provides an exception to the hearsay rule

14  regardless of whether the declarant is available as a witness for:

15          A record or statement of a public office if:
                (A) it sets out:
16                      (i) the office's activities;
                        (ii) a matter observed while under a legal duty to report,
17                      but not including in a criminal case, a matter observed by
                        law-enforcement personnel; or
18                      (iii) in a civil case or against the government in a
                        criminal case, factual findings from a legally authorized
19                      investigation; and
                (B) neither the source of information nor other circumstances
20              indicate a lack of trustworthiness.

21  Rule 803(8)(A)(i) and (ii) do not apply.  The Striegel letter does not set forth his office's

22  activities, nor does it set forth Striegel's observations while under a legal duty to report.

23  The Striegel letter also is not admissible under Rule 803(8)(A)(iii).  Striegel's letter is not a

24  fact finding resulting from an investigation.  Striegel merely opined on whether, if the facts

25  were as Defendants described them, those policies would comport with applicable law.

26  Defendants do not cite any authority for the proposition that an agency opinion letter of this

1   sort is admissible under Rule 803(8).

2        Although Rule 803(8) does not apply, Plaintiffs have not objected to the Striegel

3   letter on hearsay grounds.  Defendants do not directly argue the Striegel letter is

4   nonhearsay, but given the letter's relevance to the issue of Defendants' willfulness and the

5   safe harbor defense, the Court will admit the Striegel letter as nonhearsay to the extent

6   Defendants do not offer it to prove the truth of the matter asserted therein (i.e., that

7   Defendants' policies are compliant with the law).  The Court will give a limiting instruction

8   at the time the Striegel letter is introduced directing that the jury may not consider the

9   Striegel letter for purposes of whether Defendants' policies in fact comply with the law, but

10  only for the nonhearsay purpose of the impact, if any, the jury finds it may have had on

11  Defendants' state of mind or good faith compliance with an agency opinion, and for no

12  other purpose.

13       IT IS THEREFORE ORDERED that Defendants' Motion in Limine to Admit the

14  Final Fact Findings of Assistant District Director of the U.S. Department of Labor Charles

15  Striegel (Doc. #124) is hereby GRANTED as set forth above.

16       IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike (Doc. #198) is

17  hereby GRANTED.

18

19  DATED:  December 10, 2012

20  _____
    PHILIP M. PRO
21  United States District Judge

22

23

24

25

26

                                        3