UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENNIS TALLMAN, Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CPS SECURITY (USA), INC., CPS CONSTRUCTION SECURITY PLUS, INC.,<br><br>Defendants. | 2:09-CV-00944-PMP-PAL<br><br>**<u>ORDER</u>** |

Before the Court for consideration is Defendants' fully briefed Motion for Sanctions (Doc. #218).  Defendants argue that because the conduct of Plaintiffs' counsel prior to and during the previous trial of this action was vexatious and multiplied these proceedings, and further because the conduct of Plaintiffs' counsel resulted in a mistrial, Defendants are entitled under 28 U.S.C. § 1927 to recover excess costs, expenses and attorneys' fees incurred as a result.

Plaintiffs oppose Defendants' motion and argue that Plaintiffs' counsel did not during the pretrial process improperly multiply these proceedings, and did not intentionally or in bad faith violate in Limine or trial rulings by the Court. While they appear to acknowledge that their conduct resulted in the mistrial, Plaintiffs' counsel maintain their conduct was merely negligent and not sufficient to warrant an imposition of the sanctions requested by Defendants.  Alternatively,

Plaintiffs argue consideration of the instant motion should be deferred until after the re-trial in this case.

In reply, Defendants state that they do not object to the calculation of sanctions being deferred until after re-trial, but insist that their motion for sanctions should be granted now.

Certainly the history of this case does reveal instances whereby Plaintiffs' counsel have multiplied these proceedings by improvidently filing certain untimely pre-trial motions without leave of the Court.  There can be little question that the conduct of Plaintiffs' counsel at trial resulted in a mis-trial which has compounded costs, expenses and attorneys' fees for Defendants.  However, the Court finds that both the determination of whether the sanctions requested by Defendants are warranted under § 1927, as well as any calculation of such potential sanctions, should await completion of the re-trial in this case which will commence within the next thirty days.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Sanctions (Doc. #218) is **DENIED** without prejudice to renew the same following completion of the re-trial in this case commencing August 20, 2013.

DATED: July 29, 2013.

PHILIP M. PRO
United States District Judge